IN THE UNITED STATES DISTRICT COURT
FOR THE CENTRAL DISTRICT OF ILLINOIS
SPRINGFIELD DIVISION

| | |   | |
|---|---|---|---|
| DONNA L. FLEISCHLI, | ) | | |
| | ) | | |
| Plaintiff, | ) | | |
| | ) | | |
| v. | ) | No. 07-3267 | |
| | ) | | |
| UNITED STATES OF AMERICA, | ) | | |
| | ) | | |
| Defendant. | ) | | |

## OPINION

JEANNE E. SCOTT, U.S. District Judge:

This matter comes before the Court on Defendant United States' Motion to Dismiss (d/e 7). Fleischli brings this claim under the Federal Tort Claim Act (FTCA) for damages. 28 U.S.C. §§ 2671-2680. For purposes of the Motion, the Court must accept as true all well-pleaded factual allegations contained in the Complaint and draw all inferences in the light most favorable to Fleischli. Hager v. City of West Peoria, 84 F.3d 865, 868-69 (7th Cir. 1996); Covington Court, Ltd. v. Village of Oak Brook, 77 F.3d 177, 178 (7th Cir. 1996). When read in that light, the Complaint must set forth a short and plain statement of the claim showing that Fleischli is entitled to relief. Fed. R. Civ. P. 8(a); Bell Atlantic Corp. v. Twombly, __

1

U.S.__, 127 S.Ct. 1955, 1969 (2007); <u>Airborne Beepers & Video, Inc. v. AT&T Mobility LLC</u>, 499 F.3d 663 (7th Cir. 2007).

Fleischli alleges that agents of the Bureau of Alcohol, Tobacco, and Firearms (ATF) took possession of her property during the course of their duties, and the property was held pending the outcome of certain litigation before this Court. She alleges that on December 10, 2003, this Court ordered the return of the property, but the ATF agents never returned the property. She alleges that she is entitled to $54,444.00, representing the value of the property. <u>Complaint (d/e 1)</u>, ¶¶5-8, 16-17.

The United States moves to dismiss, in part, because the failure to return property detained by law enforcement officers is excepted from the coverage of the FTCA. The Court agrees. The FTCA does not apply to, "[a]ny claim arising in respect of the . . . detention of . . . property by any . . . law enforcement officer . . . ." 28 U.S.C. § 2680(c). This section of the FTCA precludes any action based on the failure of a law enforcement officer to return detained property. <u>Ali v. Federal Bureau of Prisons</u>, __ U.S.__, 128 S.Ct. 831, 836-37 (2008). Fleischli, therefore, cannot bring this action against the United States under the FTCA.

Fleischli argues that this case is distinguishable because this Court

ordered the ATF agents to return the property. The Court disagrees. The ATF agents may have failed to comply with a court order and may or may not be subject to some sanction for that failure, but the failure to comply with a court order does not entitle Fleischli to bring a separate action against the United States under the FTCA. Since Fleischli's claim arose because ATF agents failed to return detained property, the action is excepted from the FTCA. This case is dismissed.

THEREFORE, the United States Motion to Dismiss (d/e 7) is ALLOWED. This case is dismissed. All pending motions are denied as moot. This case is closed.

IT IS THEREFORE SO ORDERED.

ENTER: April 10, 2008

    FOR THE COURT:

                        s/ Jeanne E. Scott
                        JEANNE E. SCOTT
                        UNITED STATES DISTRICT JUDGE